# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0933** (Tyler County 16-F-6)

**Jeri L. Galloway,**
**Defendant Below, Petitioner**

**FILED**

**September 25, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Jeri L. Galloway, by counsel John E. Gainer, appeals the Circuit Court of Tyler County's September 15, 2016, order sentencing him to a term of incarceration of one to ten years and ordering he pay restitution in the amount of $10,000 following his conviction of one count of obtaining money by false pretenses. The State, by counsel Shannon Frederick Kiser, filed a response. On appeal, petitioner argues that the circuit court erred in admitting evidence under Rule 404(b) of the West Virginia Rules of Evidence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2014, petitioner and representatives from Middlebourne United Methodist Church ("the church") entered into an agreement for petitioner to perform repair work on their property. At that time, the church issued petitioner a check for $10,000 as a down payment for the work to be completed. Petitioner informed the church that he would order building materials to be shipped to the repair site as soon as possible and that he would begin working prior to January of 2015. However, no materials were ever ordered and petitioner never began the work. After the check was issued, the church attempted to contact petitioner multiple times but could never reach him. Ultimately, petitioner was charged with obtaining money by false pretenses.

In July of 2016, the State filed a timely notice of its intent to introduce evidence under Rule 404(b) of the West Virginia Rules of Evidence at petitioner's trial.[1] On July 7, 2016, the

---

[1]Rule 404(b)(1) states that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in

(continued . . . )

1

circuit court held a hearing on the admissibility of this evidence and heard testimony from Mark Powell regarding an instance in which he paid petitioner $1,940 as a down payment for the construction of a retaining wall that petitioner never began work on. According to Mr. Powell, petitioner agreed to order building materials and have them shipped to the job site. However, petitioner never ordered the materials and refused to return Mr. Powell's calls or certified mail. According to the State, this evidence established petitioner's motive, intent, and general scheme or plan in regard to the offense for which he was being tried. Ultimately, the circuit court granted the State's motion.

At trial that same month, the jury heard testimony from Mr. Powell regarding his prior interaction with petitioner. In regard to this testimony, the circuit court gave the jury a limiting instruction that directed them to consider the evidence only for purposes of motive, intent, and common scheme or plan. At the close of trial, the jury found petitioner guilty of one count of obtaining money by false pretenses. The circuit court then sentenced petitioner to a term of incarceration of one to ten years and ordered that he pay the church restitution in the amount of $10,000. It is from the sentencing order that petitioner appeals.

We have previously established the following standard of review:

"A trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard." Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998).

Syl. Pt. 1, *State v. Timothy C.*, 237 W.Va. 435, 787 S.E.2d 888 (2016). Further,

[t]he standard of review for a trial court's admission of evidence pursuant to Rule 404(b) involves a three-step analysis. First, we review for clear error the trial court's factual determination that there is sufficient evidence to show the other acts occurred. Second, we review *de novo* whether the trial court correctly found the evidence was admissible for a legitimate purpose. Third, we review for an abuse of discretion the trial court's conclusion that the "other acts" evidence is more probative than prejudicial under Rule 403.

*Id.* at 443, 787 S.E.2d at 896 (quoting *State v. Jonathan B.*, 230 W.Va. 229, 236, 737 S.E.2d 257, 264 (2012)).

To begin, the Court finds no error in the circuit court's finding that there was sufficient evidence to show the other act in question occurred. In fact, in his brief on appeal to this Court, petitioner does not dispute that the other act occurred. Petitioner points out that he was never

---

accordance with the character." However, Rule 404(b)(2) goes on to provide that "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

convicted of any crime regarding his interaction with Mr. Powell, but highlights this fact only to illustrate that it was never established whether the act itself "was a wrongful act or a simple breach of contract." Because there is no dispute as to whether the petitioner's taking of Mr. Powell's money without fulfilling his duty to build a retaining wall actually occurred, we find no error in this regard.

Next, we find that the circuit court correctly found that this evidence was admissible for a legitimate purpose and did not abuse its discretion in determining that it was more probative than prejudicial. We have previously instructed circuit courts, after having found by a preponderance of the evidence that the other act occurred and that the defendant committed the act, that

> the trial court must then determine the relevancy of the evidence under Rules 401 and 402 of the West Virginia Rules of Evidence and conduct the balancing required under Rule 403 of the West Virginia Rules of Evidence. If the trial court is then satisfied that the Rule 404(b) evidence is admissible, it should instruct the jury on the limited purpose for which such evidence has been admitted.

Syl. Pt. 3, in part, *State v. Zuccaro*, -- W.Va. --, 799 S.E.2d 559 (2017) (quoting Syl. Pt. 2, *State v. McGinnis*, 193 W.Va. 147, 455 S.E.2d 516 (1994)). Here, the State established the evidence's relevance by showing that it established petitioner's motive, intent, and common scheme or plan across the two acts. Indeed, the evidence speaks directly to petitioner's common plan of entering into agreements to perform work, accepting money to complete the agreed upon projects, and then failing to begin the work and otherwise make himself available to the individual or entity that retained him. While petitioner argues that the evidence was irrelevant because it was "used to give the jury the impression that he was a thief and that he acted in conformity with that character[,]" we find this argument unpersuasive.

On the contrary, we find that the evidence in question was more probative than unfairly prejudicial and, accordingly, was properly admitted under Rule 403. Here, petitioner could have easily argued that he mistakenly failed to begin the work on the church's property or that he accidentally erred in ordering the material to begin the work. The evidence of his prior bad act, in which he similarly accepted money and failed to take any steps toward completing the required work, speaks directly to an absence of mistake or a lack of accident, in addition to establishing petitioner's motive, intent, and common scheme. Moreover, the circuit court provided a limiting instruction to the jury regarding the testimony, which petitioner does not challenge. As such, we find no error in this regard.

For the foregoing reasons, the circuit court's September 15, 2016, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: September 25, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker